IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

PETRA C. LATIMER )
)
    Plaintiff, )
)
v. ) No.
) JURY DEMAND
NATIONAL PEN TENNESSEE LLC )
)
    Agent for service of process: )
    Corporation Service Company )
    2908 Poston Avenue )
    Nashville, TN 37203 )
)
    Defendant. )

## **COMPLAINT**

The plaintiff, Petra C. Latimer ("Ms. Latimer"), states for her complaint against the defendant, National Pen Tennessee LLC ("National Pen") as follows:

1. This Court has jurisdiction under 28 U.S.C. § 1331, as this action arises under the laws of the United States, and supplemental jurisdiction under 28 U.S.C. § 1367, as the state law claim(s) is so related to the federal claims that it forms part of the same case or controversy.

2. Specifically this suit is brought pursuant to the Americans with Disabilities Act as amended by the Amendments Act of 2008 (hereafter "ADAAA"), 42 U.S.C. § 12101 *et seq.*, the Employee Retirement Income Security Act (hereafter "ERISA"), 29 U.S.C. § 1001 *et seq.*, the Family and Medical Leave Act (hereafter "FMLA"), 29 U.S.C. §2601 *et seq.*, the Age Discrimination in Employment Act (hereafter "ADEA"), 29 U.S.C. § 621 *et seq.*, the Tennessee Disability Act (hereafter "TDA") Tenn. Code Ann. § 8-50-103 *et seq.*, and the Tennessee Human Rights Act (hereafter "THRA"), Tenn. Code Ann. § 4-21-101 *et seq.*

3. The plaintiff, Ms. Latimer, is a citizen and resident of Lincoln County, Tennessee, specifically 105 Depot Street, Petersburg, Tennessee 37144.

4. The defendant, National Pen, is a Delaware limited liability company, operating and doing business in the State of Tennessee. Its principal office is 12121 Scripps Summit Drive, Suite 200, San Diego, California 92131.

5. National Pen's registered agent is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

6. At all material times, Ms. Latimer was an employee within the meaning of the ADAAA, ERISA, FMLA, ADEA, TDA, and THRA.

7. At all material times, the defendant was an employer within the meaning of the ADAAA, ERISA, FMLA, ADEA, TDA, and THRA.

8. At all material times, the defendant was a covered entity within the meaning of the ADAAA.

9. The defendant was engaged in an industry affecting commerce and employed more than the requisite number of persons for the requisite duration for purposes of the ADAAA, FMLA, and ADEA.

10. Ms. Latimer was employed by the defendant for the requite duration and worked more than the requisite number of hours for purposes of the FMLA.

11. All of the discriminatory and/or illegal employment practices alleged herein were committed within the state of Tennessee and this judicial district.

12. Ms. Latimer timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and brings this action within ninety (90) days of her receipt

2

of the Notice of Rights to Sue letter, a true and accurate copy of which is attached hereto as Exhibit 1.

13. Ms. Latimer was hired by the defendant on October 2, 1998.

14. While employed by the defendant, Ms. Latimer worked as a machine operator.

15. An employee/employer relationship existed between Ms. Latimer and the defendant from the date she was hired until she was terminated.

16. Throughout her employment with the defendant, Ms. Latimer was qualified for her position as a machine operator.

17. Throughout her employment with the defendant, Ms. Latimer fully, adequately, and completely performed all of her job duties.

18. Throughout her employment with the defendant, Ms. Latimer's performance of her job duties satisfied the defendant's reasonable expectations.

19. Ms. Latimer underwent back surgery in 2006 while employed by the defendant.

20. Ms. Latimer suffered back pain and back problems during her employment with the defendant.

21. Ms. Latimer suffers from lumbar radiculitis.

22. Ms. Latimer's back condition made it difficult for her to stand for long periods, walk long distances, sit for long periods, and lift heavy objects.

23. The defendant was aware of Ms. Latimer's back condition and her treatment for same.

24. Ms. Latimer's back condition worsened shortly before she was terminated.

25. The defendant offered "voluntary" overtime at or around the time of Ms. Latimer's termination.

26. Ms. Latimer expressed to the defendant the pain caused by her back condition shortly before being terminated.

27. Due to the pain, Ms. Latimer did not volunteer for overtime shortly before being terminated.

28. Ms. Latimer visited Dr. Timothy Nash for her back condition shortly before being terminated.

29. Ms. Latimer timely provided the defendant with a National Pen Return to Work Physician's Checklist signed by Dr. Nash on November 2, 2015, a true and accurate copy of which is attached hereto as Exhibit 2.

30. Upon receipt of the Checklist, the defendant sent Ms. Latimer home and instructed her not to return unless and until the Checklist was completely filled out by the physician.

31. Ms. Latimer timely returned to Dr. Nash, who completed the Checklist and faxed same to the defendant.

32. Dr. Nash placed restrictions on Ms. Latimer and took her off work for two weeks.

33. Upon receipt of the completed Checklist, the defendant called Ms. Latimer and terminated her effective November 6, 2015.

34. The reason advanced by the defendant for terminating Ms. Latimer was that she quit.

35. The reason offered by the defendant for Ms. Latimer's termination was false and pretextual.

36. Ms. Latimer did not quit.

37. Ms. Latimer earned $13.07 per hour at the time she was terminated.

38. During her employment with the defendant and at the time she was terminated, Ms. Latimer was an individual with a disability or perceived disability within the meaning of the ADAAA and TDA.

39. Ms. Latimer has a physical impairment that substantially limits one or more of her major life activities, has a record of such impairment, and is regarded by the defendant as having such impairment.

40. Ms. Latimer is a qualified individual with a disability within the meaning of the ADAAA and TDA.

41. The defendant perceived Ms. Latimer as an individual with a disability.

42. Ms. Latimer is an individual with a disability who, with or without a reasonable accommodation, could perform the essential functions of her job as a machine operator with the defendant.

43. The defendant refused to make a reasonable accommodation to Ms. Latimer.

44. The defendant failed to undertake good faith efforts, in consultation with Ms. Latimer, to identify and make a reasonable accommodation.

45. The defendant's failure to make reasonable accommodation to Ms. Latimer constitutes discrimination against Ms. Latimer with the respect to the terms, conditions, or privileges of employment.

46. In failing to make reasonable accommodation, the defendant acted with malice or with reckless indifference to the federally protected rights of Ms. Latimer.

47. The defendant terminated Ms. Latimer in order to avoid making a reasonable accommodation.

48. The defendant terminated Ms. Latimer because of her disability and/or perceived disability and/or it regarded her as having a disability.

49. The defendant's actions constitute a violation of the ADAAA.

50. The defendant's actions constitute a violation of the TDA.

51. As a term and condition of the employment relationship, the defendant adopted a medical benefit plan for its employees.

52. Said plan referenced in the immediately preceding paragraph was an employee welfare benefit plan within the meaning of ERISA.

53. Ms. Latimer was a participant in the defendant's ERISA plan (the "plan" or "ERISA plan").

54. Some or all of Ms. Latimer's medical charges related to the treatment of her back condition were paid under the plan.

55. The defendant desired to avoid incurring what it foresaw as high future medical expenses for Ms. Latimer.

56. The defendant terminated Ms. Latimer to avoid paying benefits under the ERISA plan.

57. The defendant interfered with Ms. Latimer's ERISA benefits and her rights under the ERISA plan.

58. The defendant terminated Ms. Latimer in retaliation for exercising her rights under the ERISA plan.

59. The defendant's actions constitute a violation of ERISA.

60. Ms. Latimer suffered from a serious health condition within the meaning of the FMLA.

61. Ms. Latimer was entitled to leave under the FMLA.

62. Ms. Latimer did not know or understand her rights and obligations under the FMLA.

63. The defendant failed to notify or advise Ms. Latimer of her FMLA rights.

64. The defendant failed to properly notify or advise Ms. Latimer of her FMLA rights.

65. The defendant interfered with Ms. Latimer's ability to exercise her FMLA rights.

66. The defendant's actions constitute a violation of the FMLA.

67. Ms. Latimer was sixty (60) years of age at the time she was terminated.

68. The defendant determined it would be beneficial to replace Ms. Latimer with a younger, and thus less expensive employee.

69. The defendant believed that medical benefits for a younger employee would cost less than benefits for Ms. Latimer.

70. The defendant terminated Ms. Latimer because of her age.

71. The defendant's actions constitute a violation of the ADEA.

72. The defendant's actions constitute a violation of the THRA.

73. As a direct and proximate result of the defendant's discriminatory, retaliatory, and/or otherwise illegal actions, Ms. Latimer has suffered loss of employment, back pay, future pay, and lost benefits.

74. As a direct and proximate result of the defendant's discriminatory, retaliatory, and/or otherwise illegal actions, Ms. Latimer has suffered great mental and emotional stress, anxiety, humiliation, and embarrassment, and other compensatory injuries.

THEREFORE, the plaintiff, Petra C. Latimer, requests judgment against the defendant, National Pen Tennessee LLC, as follows:

1. Back pay and lost benefits;

2. Reinstatement or front pay as considered appropriate by the Court;

3. Order the defendant to reasonably accommodate Ms. Latimer;

4. Enjoin the defendant from further discrimination and retaliation against Ms. Latimer;

5. Compensatory damages in an amount to be determined at trial;

6. Punitive damages in an amount to be determined at trial;

7. Damages for emotional distress and pain and suffering;

8. Attorney fees, expenses and costs of this action; and

9. Such other, further, and general relief to which she may be entitled.

## JURY DEMAND

The plaintiff, Petra C. Latimer, hereby demands a jury for the trial of this cause.

Respectfully submitted,

/s/ Raymond W. Fraley, Jr.
Raymond W. Fraley, Jr. (BPR # 002586)
Fraley & Hill
P.O. Box 572
Fayetteville, TN 37334
(931) 433-7104
*Attorney for Petra C. Latimer*